KETHLEDGE, Circuit Judge,
dissenting.
I believe the evidence in this case would allow a jury to conclude that the unions’ threat and the project manager’s prompt action in conformance with the threat were not mere coincidences. Taken in the light most favorable to Shafer, the evidence shows that Clark’s project manager, Wixson, originally declined Grand River’s offer to remove Shafer; that Wixson told Shafer it was “all set” after signing the Project Labor Agreement; that weeks later the unions threatened to picket if Shafer remained on the project; and that Wixson responded to that threat by pressuring Grand River to replace Shafer. A reasonable jury could conclude from this evidence that the unions’ threat had been a “substantial factor” in Wixson’s decision to swap out a non-union supplier (Shafer) for a union one. I would reverse and remand for trial, and thus I respectfully dissent.